## T. L. COOPER vs. W. B. TURNAGE.

1. JUDGMENT LIEN: *Mortgage lien. Priority. Act of April, 1873, construed.*
   A judgment lien on after-acquired property takes effect from the date of the acquisition by the debtor, but does not relate back to the rendition or enrollment of the judgment. A judgment lien takes effect on a growing crop only from the time it has an actual existence. By the act of April, 1873, it is made lawful to mortgage a crop to be grown within fifteen months, and the effect of such incumbrance is declared to be to bind the interest of the mortgagor "at the time of granting the same or such interest as he may thereafter

acquire." By fiction of law the lien upon the non-existing crop takes effect *eo instanti* with the execution of the mortgage, so that when the crop, within the fifteen months, comes into existence the lien relates back to the date of its creation.

ERROR to the Circuit Court of *Leake* County.

Hon. W. B. CUNNINGHAM, Judge.

On January 18, 1875, J. L. Jordan recovered judgment against M. A. Tate and J. H. Carpenter, in a justice's court, for $95.29, which was enrolled March 12, 1875. October 1, 1875, execution was levied on fifty bushels of corn, and 500 pounds of seed cotton, as the property of Tate, being the crop grown by him in the year 1875. W. B. Turnage claimed the property, under a purchase from Tate on September 27, 1875. Tate had executed to Turnage a deed of trust to secure $200 loaned money, dated March 12, 1875, and recorded April 17, 1875, embracing all the crop of corn and cotton to be grown by him in the year 1875. The crop was not growing or in existence when the trust deed was filed for record. The corn was released as being exempt. The case was submitted to the court for decision, and judgment was awarded for defendant below and the case comes to this court on writ of error.

The action of the court in awarding the judgment and in overruling motion for a new trial is assigned for error.

*Raymond Reid*, for plaintiff in error:

Growing crop sare subject to judgment lien. Code, 1871, §§ 830–1318; 50 Miss., 396; Herman on Ex., pp. 160–340; 50 Miss., 402, 403; Acts of 1873, p. 80; 50 Miss., 571.

*J. A. P. Campbell*, for defendant in error:

The mortgage must prevail. It took effect on the crop during its *potential* existence. The judgment could not attach until it had an *actual* existence. It was incumbered by the mortgage before it became subject to the judgment lien.

CHALMERS, J., delivered the opinion of the court.

The sole question presented is as to the precedence of lien on an ungrown crop, as between a senior judgment and a

junior trust deed, executed by virtue of the statute authorizing the mortgaging of crops fifteen months in advance of their growth.

In the case at bar the judgment (from a magistrate's court) was enrolled 12th March, 1875. The trust deed was executed on the same day, but not recorded until 17th of April. The crop was not *in esse* at the last-mentioned date. The question presented is important and of first impression, but not believed to be difficult.

Judgment liens take effect as to after-acquired property, not from the date of rendition or enrollment, but from the date of the acquisition by the debtor of the property. Cayce *v.* Stovall, 50 Miss., 402.

By the 4th section of act of April 17, 1873 (Acts of 1873, p. 80), it is made lawful for any person to mortgage a crop to be grown within fifteen months, and the effect of such incumbrance is declared to be to bind the interest of the mortgagor " at the time of granting the same, or such interest as he may thereafter acquire."

This evidently means that the lien upon the non-existing crop shall by fiction of law take effect *eo instanti* with the execution of the mortgage, so that when the crop, within the fifteen months, comes into existence the lien shall relate back to the date of its creation.

The judgment lien, on the contrary, does not relate back, but takes effect only from the time when the crop has an actual existence.

The mortgage lien, therefore, is older in time and prior in right.

Let the judgment be affirmed.

Mr. Justice CAMPBELL, having been of counsel, took no part in this decision.