Ichabod J. Minshew *v.* George W. Davidson et al.

Justice of the Peace. *Judgment. Enrollment. Code* 1892, § 2413.

> Under Code 1892, § 2413, providing for their enrollment, judgments rendered by justices of the peace may be enrolled in the office of the clerk of the circuit court before the expiration of the five days allowed for appeal therefrom.

From the circuit court of Jones county.

Hon. John R. Enochs, Judge.

Davidson and another, appellees, were plaintiffs in the court below; one Edwards was defendant in execution; and Minshew, the appellant, was a claimant there. The claimant's issue was tried and decided in plaintiffs' favor, and the claimant appealed to the supreme court.

Appellees recovered a judgment in a justice of the peace's court against Edwards, who at the time owned a stock of merchandise. The judgment was rendered February 13, 1904, and on the 15th of same month enrolled in the circuit clerk's office. On the 17th of same month appellant, Minshew, bought the stock of goods from Edwards. On the 23d of said month appellees had an execution issued on their judgment against Edwards, which was levied on the stock of goods sold by Edwards to Minshew. Minshew made claimant's affidavit and bond, and the goods were delivered to him. A trial was had before the justice's court, resulting in favor of the plaintiffs. The claimant appealed to the circuit court, where, after a trial *de novo,* the same result was reached.

*R. E. Halsell,* for appellant.

*Shannon & Street,* for appellees.

Truly, J., delivered the opinion of the court.

From the date of the enrollment of appellees' judgment against Edwards, the defendant in execution, they acquired a

lien on all the property belonging to their debtor. The record shows that the judgment was rendered on the 13th and enrolled on the 15th day of February, while the bill of sale from Edwards to appellant was not executed until the 17th. Appellees were entitled, by the plain intendment of Code 1892, § 2413, to have their judgment enrolled immediately upon rendition, even though the five days allowed for appeal had not elapsed. This meaning is made manifest by the provision of that section which provides that "the judgment may be enrolled and have the force and effect of a lien in all cases where an appeal is taken as well as in other cases." The only difference with regard to the lien of a judgment rendered by a circuit court and one rendered by a justice of the peace is that the first, upon enrollment, becomes a lien, and binds the property of the defendant from the rendition thereof (Code 1892, § 757), while the lien of the latter attaches only from the date of its enrollment. Upon enrollment the lien of a judgment binds all the property of the defendant without regard to its character or description. So, in the instant case, immediately upon enrollment on the 15th day of February, appellees acquired a lien on the stock of goods and merchandise then owned by their debtor, and which was subsequently conveyed to appellant. The contention of appellant, that the proof fails to establish with sufficient certainty that the goods seized under the execution were the identical goods which he purchased from Edwards, is plainly negatived by the testimony, including his own admissions.

The other assignment is without merit.

*The judgment is affirmed.*