## J. D. BRYAN *v.* HENDERSON HARDWARE CO.

### [65 South. 242.]

JUDGMENT. *Lien. Property covered. Debts. Code* 1906, *section* 819.
  The lien of an enrolled judgment upon the property of a defendant
  as provided in section 189, Code 1906, does not extend to cover
  the right to receive or recover a debt.

APPEAL from the circuit court of Monroe county.
HON. CLAUDE CLAYTON, Judge.

Suit by the Henderson Hardware Company against
J. J. Dockery in which plaintiff issued a garnishment
against Monroe county for a debt from the county to the
defendant, and J. D. Bryan and others intervene. From
a judgment for plaintiff in garnishment, claimants ap-
peal.

Monroe county was indebted to J. J. Dockery on a road
contract. Dockery had given to J. D. Bryan and the
Nettleton Supply Company (who had obtained judg-
ments against him) orders on the board of supervisors
of said county for the total amount of the indebtedness
of said county to him. The Henderson Hardware Com-
pany had obtained a judgment against Dockery, and this
latter judgment provoked the controversy here. The
Henderson Hardware Company issued a garnishment
against the county, and the county answered, showing
the amount of its indebtedness to Dockery, and paid the
money due Dockery into court. The Nettleton Supply
Company and Bryan were thereupon cited to appear and
set up their claim to this money, which they did, deliver-
ing the orders given them by Dockery. Issue was joined,
and the case went to trial, and the trial court dismissed
the claim of appellants, holding that, since the enrolled
judgment of the Henderson Hardware Company ante-
dated the orders or assignments of the fund by Dockery

to appellants, and that since and that as judgments were a lien on all property, that the contract debt due Dockery by the county was property, and that therefore said enrolled judgment was a lien on the funds, and took precedence over the assignment of the claimants (appellants here), and entered judgment for the appellee. From this judgment, this appeal comes.

The question to be decided is whether or not an enrolled judgment becomes a lien on choses in action, such as the indebtedness due in this instance by the county to Dockery.

Section 819 of the Code of 1906 is as follows:

819 (757) Lien of Enrolled Judgments. A judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment-creditor, his representatives or assigns, against the judgment debtor, and all persons claiming the property under him after the rendition of the judgment; and a judgment shall not be a lien on any property of the defendant thereto unless the same be enrolled; but in counties having two judicial districts a judgment shall operate as a lien only in the district or districts in which it is enrolled.

Sections 1591 and 1593 of the Code of 1906, of the chapter Definitions and Rules, are as follows:

1591 (1513) Personal Property. The term "personal property" when used in any statute, shall include goods, chattels, effects, evidences of rights of action, and all written instruments by which any pecuniary obligation, or any right, title, or interest in any real or personal estate, shall be created, acknowledged, transferred, incurred, defeated, discharged or diminished.

1593 (1514) Property. The term "property" when used in any statute includes personal property as defined in section 1591, and also every estate, interest, and right, in lands, tenements, and hereditaments.

*Leftwich & Tubb,* for appellants.

The simple question decisive of this case in which the amount involved is small, but in which the principle involved is extremely important, is:   Does an enrolled judgment effectuate a lien on choses in action as it admittedly does on movable chattels subject to seizure and lands? It will be observed in this case that J. J. Dockery was under contract with Monroe county, all as the agreed statement of facts discloses, made in 1911, to do certain road work in the fifth district of Monroe county, for which, when performed and the work accepted, Monroe county would owe him a certain sum of money. The work was afterwards performed, and on June 6, 1912, an order of the board was entered, awarding him the sum of one hundred and twelve dollars and fifty cents. On March 10, 1911, Dockery had given an order on the board which was filed with its clerk, for twenty-five dollars and ten cents, and on March 14, 1911, he had given two orders, to J. D. Bryan, for all that was coming to him except for the sum he had already ordered the board to pay the Nettleton Supply Company. These last two orders were duly filed on the 14th day of July, 1911; and these orders constituted an effective assignment of whatever sum was due Dockery by the board, and gave the assignees under the orders, a perfect right to sue in their own names. Code of 1906, sec. 717; 2 Am. & Eng. Ency. of Law (2d Ed.), 1059, 1060; 21 Am. & Eng. Ency. of Law (2d Ed.), 940.

The language of our present statute on enrolled judgments, Code 1906, sec. 819, is as follows: "819. Lien of Enrolled Judgments. A judgment so enrolled shall be a lien upon, and bind, all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns against the judgment debtor, and all persons claiming the property under him after

the rendition of the judgment; and a judgment shall not be a lien on any property of the defendant thereto unless the same be enrolled; but in counties having two judicial districts, a judgment shall operate as a lien only in the district or districts in which it is enrolled.''

This provision of the Code is as old as the state; see same statute substantially, Code of 1892, sec. 757; Code of 1880, sec. 1737; Code of 1871, sec. 830; Code of 1857, article 261; Hutchinson's Code, page 81, Act of Jan. 23, 1824. The learned counsel below argued and the argument was accepted as sound by the court, that a judgment lien by section 819, binds all the property of the defendant, and by sections 1591 and 1593, of the Code of 1906, the word property, when used in any statute, shall include goods, chattels, effects, evidences of rights of actions, and all written instruments by which any pecuniary obligation or any right, title or interest in any real or personal property shall be created, acknowledged, transferred, incurred, defeated, discharged, or diminished. Sections 1591 and 1953, under the Chapter on Definitions and Rules in the Code of 1906, are in substantially the same words found as follows in the Code of 1892, sections 1513-1514; Code of 1880, sections 3107-2108; Code of 1871, sections 2858-2859; Code of 1857, page 630, article 351-352; we have not yet found the section of Hutchinson's Code which is likely due to bad indexing, but these sections may be considered as a material part of the body of our law, and have always been.

The learned counsel and the court below took too literal a view of the statute cited; they seem to overlook that the same code which must be construed harmoniously as a whole makes provision how the choses in action alone can be taken under an attachment or under garnishment on judgment. By sections 140 and 3965 of the Code, directions are given how an attachment shall be levied and choses in action seized under attachment writs; by sections 2342, 2343, under the chapter on Garnishments, it

is found how indebtedness of any sort may be garnished; and by section 2343, the language of the statute is: "And any indebtedness of the garnishee to the defendant can be appropriable to the satisfaction of the judgment or decree, or liable to be condemned in the attachment." If, in the very terms of that statute, the indebtedness is only bound from the time of the service of the garnishment, how can the court hold that the indebtedness is also bound from the time of the enrollment of the judgment? These statutes must be construed together, *pari pasu,* and all must be given effect having due references to the nature of the property seised and levied on.   The thing impounded here by the garnishment of the Henderson Hardware Company is incorporeal and intangible, and from its very nature, a lien is not given by enrolling the judgment on the judgment roll.   These garnishment statutes are also as old as the policy of the state, without tracing them through other Codes.   Under section 140 and section 3965, it is provided that the officer shall seize books of account and other evidences of debt belonging to the defendant; the object of this is to get the names of the debtors; the levy on the books of account or the choses in action, the mere paper or parchment, does not bind the debt until the garnishments are served on the debtors. This has been more than once decided by our own courts, with these provisions in the Code.  *Boon* v. *McIntosh,* 62 Miss. 744; *McKinney* v. *Sweet,* 28 So. 939.   The learned court below failed to take notice of the substantial character of a judgment lien; the lien is not specific so as to hold liable for conversion any third person or the defendant through whose hand the property may pass, as our court has held.   *Smith* v. *The Gin Co.,* 75 Miss. 505. Again, money is property, and subject to seisure under execution or attachment, but our court has held that no lien attaches to it until seisure thereof, because of its current character, the impossibility of identifying it, and because of public policy, and because such a doctrine

would put an unbearable embargo on the transaction of all business. *Cahn* v. *Pearson,* 56 Miss. 360.

In spite of the broad term property, used in our judgment lien statutes already quoted, the lien is confined to property liable to levy and sale; quoting from a decision of this court: ''In this state, however, a judgment is only entitled to a priority of satisfaction over other debts, when it operates as a lien, or can be enforced by execution against the estate of the deceased; and this is more an advantage which the law gives to the creditor than duty required of the executor or administrator to pay the judgment in preference to other claims. The lien is confined to such property as is liable to levy and sale under execution. No right over other creditors exists to prior satisfaction out of the assets not liable to the execution.'' *Robertson* v. *Demoss,* 23 Miss. 298. Judgment liens do not and cannot bind choses in action. *Black* v. *McMurtry* (Miss.), Walker Rep. 389; 23 Cyc. 1367; 17 Am. & Eng. Ency. of Law, 788; Black on Judgments, secs. 417, 418, 419.

We submit that our Code provisions of nearly a century and our decisions thereunder make impossible the construction of the judgment lien statute made by the court below. The evil arising from such a construction in the transaction of ordinary business would be deplorable, which, when properly construed, makes it plain that the legislature never, for an instant, contemplated such literal narrowness when it used the word property in the judgment lien statute and in defining what property is, under the chapter on Definitions and Rules. In applying those terms, the nature of the property and the course of business must be kept in view, and it cannot be supposed that the legislature intended to do an absurd and foolish thing. But say counsel, the judgment lien statute says or makes the enrolled judgment a lien on all property and property is defined to include choses in action, and therefore the judgment is a lien on a chose

in action.  But see the absurd results that would follow;
before the debtor could take the money out of his pocket
and pay the creditor, he would have to consult the judg-
ment roll to see if there are any enrolled judgments
against the creditor, and when he took up his note and
had it marked cancelled, he would run the hazard
of there being an enrolled judgment lien against it, which
would make him pay it again.  Transactions of this char-
acter are so numerous, and the means of identification
of money and notes are so difficult that chaos would re-
sult if such a construction were to be given the statute.
When a horse changes hands, which can be seised and
of which the debtor can be dispossessed, or when lands
change hands, it is of course incumbent upon the pur-
chaser to consult the judgment roll, but this is as far
as any code of civil procedure has ever undertaken to
go.  All the provisions of the Code must be read to-
gether.

*McFarland & McFarland,* for appellee.

The judgment of the court was entirely correct.  From
the date of enrollment plaintiff acquires a lien on all
property belonging to his debtors, and binds all of de-
fendant's property without regard to its character or
description.  86 Miss. 354.

The court will note that under section 3466, Mississippi
Code 1892, provision is made for the first time for levy
of execution on choses in action, such property prior
to that time not being subject to levy and sale under exe-
cution.

The only Mississippi case in which this point has come
up for decision in the case of *Black* v. *McMurtry,* Walker
Reports 389, where the court held that a judgment was
not a lien on choses in action, because the only property
bound by judgment was that which can be seised and sold
under execution, which could not be done, at that time,
as to a chose in action.  As pointed out above, our Code

now provides that a chose in action can be seised and sold under execution, therefore it is bound by an enrolled judgment.

The statute on enrolled judgment says that all property of the defendants is bound by an enrolled judgment, but the court has declared, in numerous cases, that by all property is meant such property as is subject to seisure and sale under execution. See 23 Miss. 298; 75 Miss. 505.

So we contend that the lien of appellee's enrolled judgment extended to the money due by Monroe county to Dockery.

The court will observe that when the county filed its first answer as garnishee, it knew nothing of the so-called assignment of Dockery to appellants, and we submit that appellee was first in law, having taken steps to collect its judgment out of defendant's funds in another's hands, and that the judgment should be affirmed. These orders on the board of supervisors were not proper assignments, but even admitting that they were, they were only equitable assignments, to take effect after the money became due, which was after appellee had taken steps to subject same to his judgment. These orders are not drawn upon any particular fund, but generally upon anything that might be owing to Dockery.

Appellants knew of the enrolled judgment at the time these orders were given them, and the consideration of the orders was an old debt due by Dockery. Bryan had security for this debt and has never foreclosed his mortgage on same.

Counsel for appellants insist that if the court should hold that the enrolled judgment covered this property, that it would cover money, promissory notes, and things of that character. But of course it would not, if they stand in a class to themselves, as said in 56 Miss. 360. The law does not fix a lien to money or things so fugitive, which circulate as currency and are so impossible to iden-

tify; as to them the lien begins from the seisure. This property was certainly not of that class.

The court will find that all the cases, which decided that a chose in action is not bound by an enrolled judgment, are so decided because a chose in action is not subject to levy and sale under execution; but now that our statute provides for just this thing we submit that this case should be affirmed.

*Paine & Paine*, for appellee.

We deem it proper to accept the apology of counsel for appellant for their lengthy brief. We commend their zeal and assiduity; we pronounce the brief a perfect success in so far as it avoids a discussion of the law of this state. The supercilious way in which it ignores the case of *Minshew* v. *Davidson et al.*, 86 Miss. 354, is refreshing in its haughtiness and monumental in its indifference. By the way it recalls the seeming indifference of the antedeluvian who was adrift on the log, and after many days on the water, had, at length, floated up to the Ark in which Noah and his family were resting upon the bosom of the deep; this man is reported to have tapped on the window of the Ark for admission and on being refused, replied that he did not care because he was confident it was only going to be a Spring freshet.

To us it seems as though counsel have overlooked this case or are trying to have it overruled by sheer indirection. If this case of *Minshew* v. *Davidson et al.*, 86 Miss. 354, is the law of this state, as to what property is bound by an enrolled judgment, then we need no argument to sustain the judgment appealed from and the case should be affirmed.

The court will observe in the opinion by Judge TRULY, in the above case where he says: Upon enrollment, the lien of a judgment binds all the property of the defendant without regard to its character or description. Mr. Webster defines property as that to which a person has a

legal title whether in possession or not. Mr. Bouvier defines a chose in action as a right to receive or recover a debt or money for damages for breach of contract, etc.

The county was due Dockery the sum of one hundred and seventeen dollars and fifty cents and so answered when garnished. Then this indebtedness to Dockery was a property right to which Dockery had a legal title. But say the right is but a chose in action, then under Mr. Bouvier's definition of a chose in action, which he says is a right to receive or recover a debt or money, etc., the conclusion is to us inescapable that the judgment, when enrolled, constituted a lien upon this indebtedness.

Again section 819 of the Code of 1906, gives a lien, when enrolled, upon and to and binds all of the property of the defendant, etc. Again sections 1491 and 1593 of said Code, the one classifying personal property, the other describing it, justifies us in our assertion that the court committed no error in giving judgment for the appellee. We can't apprehend the argument of counsel as to the very literal construction they term it, that we place on the statutes of our state. Because we are sustained in our construction by Judge TRULY in the case of *Minshew* v. *Davidson et al.,* 86 Miss. 354, and the sections of the Code of 1905, to wit: 819 and 1591. If, however, we are subject to such a criticism, then we submit that we are in good company and are willing to be so classified.

REED, J., delivered the opinion of the court.

The trial court erred in holding that the enrolled judgment against J. J. Dockery and in favor of appellee was, under the statute (section 819, Code 1906) a lien against an indebtedness owing by Monroe county to Dockery, and that the amount of the indebtedness paid by the county into the court should be applied on the judgment in a proceedings on a writ of garnishment, issued subsequent to the giving by Dockery of orders on the county in favor of appellants and the due presentation thereof, rather

than to the payment of the orders. The lien of the statute does not extend to cover the right to receive or recover a debt.

Reversed, and judgment here for appellants.

*Reversed.*