## R. F. WALDEN & COMPANY *v.* YATES.

[71 South. 897.]

JUDGMENT. LIEN. *Personal property.* *"Property."* *Vouchers.*

A voucher for the payment of money due is not subject to the lien of an enrolled judgment as "personal property," its negotiability being unaffected by such lien; notwithstanding Code 1906 Section 1591-1593, providing, respectively, that the term "Personal Property" when used in any statute, shall include evidence of

rights of action and all written instruments by which any pecuniary objections shall be created, acknowledged or incurred, and that the term "property" when used in any statute includes personal property as above defined in section 1591, Code 1906, and Code 1906, section 819, making an enrolled judgment a lien on all the property of the defendants within the county.

APPEAL from the circuit court of Jefferson Davis county.

HON. A. E. WEATHERSBY, Judge.

Suit by Mrs. Katy Yates against R. F. Walker & Co. From judgment of the circuit court affirming the judgment of the justice court for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes* and *C. E. Thompson*, for appellant.

*Livingston & Milloy*, for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of Jefferson Davis county in favor of appellee. Appellant, Walden & Co., held an enrolled judgment against J. I. Yates for one hundred and thirty-three dollars and fifty-seven cents. The said J. I. Yates received a voucher from the Trexler Lumber Company for one hundred and thirty dollars, payable to his order, and on the same day that he received this voucher, he turned it over to his wife, Mrs. Katy Yates, appellee, in satisfaction of some debt alleged to be due by him to her; that is, he turned it over to her by delivering it to her unindorsed and not assigned, and stating at the time, "We will carry it to the bank to-morrow and fix it for you." The next day, Mr. Yates carried the voucher to the bank with the intention of placing it to the credit of his wife, with the exception of fifteen dollars in cash, which he intended to carry back to his wife. Upon entering the bank, he handed the voucher to the cashier and asked if it was good, to which the cashier replied

that it was, and to indorse it.  Mr. Yates indorsed the voucher in blank and laid it just inside the cashier's window, and the cashier was in the act of handing the fifteen dollars to him when the officer, with the writ of execution under the enrolled judgment, seized the voucher under the writ.  Following this, the appellee filed her claimant's affidavit in the court of a justice of the peace, and the issue was tried, resulting in a judgment in her favor in the justice's court, from which an appeal was taken to the circuit court, and there she obtained a judgment in her favor, from which the appellant now appeals here.

The only serious question presented to us for decision is whether or not the judgment lien of appellant attached to the voucher when it was issued to Mr. Yates. Under section 819, Code of 1906, an enrolled judgment is made a lien on all the property of the judgment debtor.  This section has been construed by various decisions of this court to mean that an enrolled judgment is a lien on both real and personal property, regardless of its character or description, owned or acquired by the judgment debtor.  *Jenkins* v. *Gowen,* 37 Miss. 444; *Minshew* v. *Davidson,* 86 Miss. 354, 38 So. 315; *Cooper* v. *Turnage,* 52 Miss. 431; *Cayce* v. *Stovall,* 50 Miss. 396; *Cahn* v. *Person,* 56 Miss. 360; *Mitchell* v. *Wood,* 47 Miss. 231.  We think the voucher in this case was personal property (sections 1591, 1593, and 3969, Code of 1906) and easy to identify, and is not fugitive, as is money.

In the instant case, we hold that, under section 819, Code of 1906, the judgment creditor had a lien upon the voucher under his enrolled judgment, which he could enforce by execution as long as he could find and identify the property.

*Reversed and remanded.*

### On Rehearing.

SMITH, C. J.   On a former day a judgment of reversal was rendered herein, but it was afterwards set aside and the cause submitted to the court *in banc,* a majority of which is now of the opinion that the judgment of the court below should be affirmed.   In *Beckett* v. *Dean,* 57 Miss. 232, the facts were:

"Randle Dean, an insolvent, executed, on April 2, 1875, a deed of trust on land to secure a debt due H. H. Harrington, who, on May 2, 1877, transferred the note and trust deed to Toomer, Sykes & Billups, by whom they were subsequently assigned to T. R. Ivy. The appellant, having recovered judgment against Harrington, October 3, 1876, and levied execution, issued June 3, 1878, purchased at the sale the land and all Harrington's 'right, title, interest, and claim at law and in equity,' under the deed of trust, and filed this bill to compel Ivy to deliver the note and trust deed, and to enforce the rights acquired at the sale.   On the appellee's demurrer, the bill was dismissed."

One of the contentions of counsel for appellant was that appellant was entitled to have the note and trust deed executed by Harrington delivered up to him, for the reason that his judgment was a lien thereon by virtue of the provisions of sections 830, 2858, and 2859, Code 1871, which sections are practically identical with sections 819, 1591, and 1593, Code 1906.   The court, in responding to this contention, said:

"The interest of the beneficiary in a deed of trust executed to secure a debt is not the subject of a judgment lien, and his assignee of the debt secured by the deed of trust takes the debt, which is the principal thing, and the security which is an incident, free from any such lien, and secure against the effort of the judgment creditor to reach it in his hands."

While the question there presented for decision was not whether a judgment was a lien upon a chose in

action, but was whether or not the interest of the bene-
ficiary in a trust deed in the land therein described was
subject to sale under execution, nevertheless, the opin-
ion there expressed upon the question here under con-
sideration is not without value, for it sets forth what
we understand to be generally understood by both bench
and bar as the proper construction of the statutes here
in question.

In *Bryan* v. *Henderson Hardware Co.*, 107 Miss. 255,
65 So. 242, while the chose in action there sought to be
subjected to a judgment lien was not evidenced by a
written instrument, the ground of the court's decision
that it was not subject to the lien was not that in order
to come within the provisions of section 1591 of the Code
the debt must be evidenced by writing, but that a judg-
ment is not a lien upon any debt due the defendant.
While it is true that the voucher here in question is
personal property under the provisions of section 1591,
Code 1906, it is also true that a bill of sale, a deed, and
an assignment are personal property under the pro-
visions thereof, and to hold that such emoluments are
subject to a judgment lien would be absurd. If promis-
sory notes and bills of exchange are subject to judg-
ment liens their negotiability will be thereby practically
destroyed; it is therefore hardly possible that the leg-
islature so intended—surely not when we remember
that these statutes have been several times re-enacted
without material change since the decision in *Beckett*
v. *Dean, supra.*

When the voucher here in question was seized by the
officer it had ceased to be the property of the judgment
debtor, and therefore was not subject to be taken on an
execution against him.

*Affirmed.*

SYKES, J., dissents.

HOLDEN, J. (dissenting). The majority decision is
contrary to the language and intent of sections 819,

1591, and 1593, Code 1906. It is also in conflict with *Minshew* v. *Davidson,* 86 Miss. 354, 38 So. 315, *Jenkins* v. *Gowen,* 37 Miss. 444, *Cooper* v. *Turnage,* 52 Miss. 431, *Cayce* v. *Stovall,* 50 Miss. 396, *Cahn* v. *Person,* 56 Miss. 360, and *Mitchell* v. *Wood,* 47 Miss. 231. The legislature has not changed the statutes in question since the above decisions were rendered, nor since the rendition of the former opinion in this case.

I cannot see my way clear to riding "roughshod" over the expressed will of the legislature. Consequences following the true construction of a statute, or the wisdom of the law, should not concern this court. Our duty consists only in ascertaining and declaring the meaning and intent of the statute. To hold that section 1591, Code 1906, which plainly provides that "evidences of rights of action, and all written instruments by which any pecuniary obligation shall be created" are "personal property" means and intends the very opposite to what its language expresses is a strained construction, tantamount to a repeal of the statute, which is legislation by judicial construction. The legislature said in section 1593 that the character of personal property named in section 1591 is included in the property named in section 819, upon which a lien is declared. When by judicial interpretation a statute is made to speak the opposite of what it plainly declares, some good reason should be pointed out for so doing; but none is given here by the majority of this court, except that *Beckett* v. *Dean,* 57 Miss. 232 (1879), is cited and relied upon as authority for the position taken. By reading this whole case and the entire opinion therein, a doubt arises as to whether or not this case is in point. But, if it be in point, it is violative of sections 819, 1591, and 1593, Code 1906. These sections were probably erroneously construed in the case of *Bryan* v. *Henderson Hardware Co.,* 107 Miss. 255, 65 So. 242; but there is a difference, sufficient for distinction, between that case and the case before us now.

After careful consideration, I am unwilling to recede from the position taken in the former opinion. The law in this case, as now settled by the majority of this court, will suit the convenience of the business public handling such property, and it will also please the dodging judgment debtor, by making the statute ineffective as to him in such cases.