BANK OF MONTICELLO *v*. L. D. POWELL CO.

(Division B.   Oct. 20, 1930.)

[130 So. 292.   No. 28848.]

C. E. Gibson, of Monticello, for appellant.

Jno. H. Arrington, of Monticello, for appellee.

**Anderson, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Lawrence county. The question in this cause is whether the lien of an enrolled judgment is a lien on another judgment in favor of the judgment debtor in the former case. The facts necessary to develop the question are as follows:

The appellee recovered a judgment against W. J. Lee in November, 1927, which judgment was duly enrolled in the office of the circuit clerk of Lawrence county. W. J. Lee was engaged in the practice of law, and was solicitor for the complainants in a partition suit in the chancery court of Lawrence county, in which the lands involved were partitioned in kind. In the decree the court allowed Lee a solicitor's fee of one hundred dollars for his services in conducting the proceedings.

On the 9th of August, 1928, several months after appellee's judgment had been recovered and enrolled, appellant acquired by written assignment, in good faith and for a valuable consideration, from Lee, the right to the latter's fee allowed by the chancery court in the partition suit.

Section 819, Code of 1906, section 621, Hemingway's Code of 1927, provides that, when a judgment is duly enrolled, it shall be a lien upon and bind all the property of the defendant within the county where it was enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns, "against the judgment debtor, and all persons claiming

the property under him after the rendition of the judgment."

It will be noted that the statute provides that the judgment shall bind "all the property of the defendant." Section 1593, Code of 1906, section 1425, Hemingway's Code of 1927, provides that the term "property," when used in any statute, shall include personal property, as defined in section 1591, Code of 1906, section 1423, Hemingway's Code of 1927. The latter statute provides that the term "personal property," when used in any statute, shall include goods, chattels, effects, evidences of right of action, and all written instruments by which any pecuniary obligation, or any right, title, or interest in any real or personal estate shall be created, acknowledged, transferred, incurred, defeated, discharged, or diminished.

The appellee's position is that the decree of the chancery court, allowing Lee his fee in the partition cause, being property under these statutes, was subject to the lien of appellee's judgment at the time of the assignment of the right to the fee to appellant. The trial court took that view, and rendered judgment for appellee.

Appellant, to sustain the contrary view, relies on Beckett v. Dean, 57 Miss. 232; Cahn v. Person, 56 Miss. 360; Bryan v. Henderson Hdw. Co., 107 Miss. 255, 65 So. 242, and Walden & Co. v. Yates, 111 Miss. 631, 71 So. 897, 899.

In the Beckett case the court held that the interest of the beneficiary in a mortgage executed to secure a debt was not subject to a judgment lien. In the Cahn case the court held that, although money was liable, under the statute, to seizure under execution, a judgment lien did not attach to it until seizure thereof, because of its current character and the difficulty of identifying it. In the Bryan case the court held that the lien of an enrolled judgment did not extend to a voucher for the payment of money. In the latter case the court said, among other

things: "If promissory notes and bills of exchange are subject to judgment liens their negotiability will be thereby practically destroyed; it is therefore hardly possible that the legislature so intended—surely not when we remember that these statutes have been several times re-enacted without material change since the decision in Beckett. v. Dean."

We are of opinion that these cases, by analogy, decided the question involved against appellee's contention. The decree of the chancery court, allowing Lee's fee, merely evidenced an indebtedness due Lee and provided a security therefor. Lee's right, under the decree, was intangible, and not a tangible property. The decree was subject to assignment and transfer by him. Rights in judgments and decrees of courts are often assigned and transferred by the holders of such rights. We see no reason for making any distinction between an indebtedness evidenced by a judgment or decree of a court, and an indebtedness secured by a mortgage. It is true that the statutes relied on by the appellee are broad enough in their language to cover judgments and decrees; but we see no reason at this late day for departing from the construction put upon them by the decisions of this court, above referred to.

Reversed, and judgment here for appellant.