283 So.2d 592 (1973)
SIMMONS-BELK, INC.
v.
Dr. Reuel MAY, Jr., d/b/a Maywood Farms, et al.
No. 47202.
Supreme Court of Mississippi.
October 1, 1973.
Jacobs, Griffith & Hatcher, Cleveland, Thomas, Price, Alston, Jones & Davis, Jackson, for appellant.
Perry, Phillips, Crockett & Morrison, Carl F. Andre, Jackson, for appellees.
GILLESPIE, Chief Justice:
This is an appeal from the Circuit Court of Webster County dismissing garnishment proceedings. It involves the question of whether the lien of an enrolled judgment attaches to a promissory note. In affirming the case, we hold that such lien does not attach until service of garnishment or other appropriate writ.
Appellant (hereinafter Simmons-Belk), on February 12, 1971, obtained two judgments against Dr. Reuel May, Jr., (hereinafter Dr. May) in the Circuit Court of Webster County totaling approximately $83,000. Both judgments were properly enrolled in the First Judicial District of Hinds County, Mississippi, on February 16, 1971.
Subsequent to the enrollment of these judgments against Dr. May in Hinds County, *593 James L. McMillan and Albert L. Meena executed and delivered to Dr. May their promissory note dated March 29, 1971, in the sum of $90,000, payable in installments.
Two days thereafter, on March 31, 1971, the above described note was assigned by Dr. May to Citizens National Bank (hereinafter Bank) as collateral to secure a loan in the sum of $20,000. The words of assignment typed on the back of the note are as follows:
I hereby assign to Citizens National Bank, Jackson, Mississippi, all of my rights and interest in this note for value received with recourse on me.
At the time the note was assigned the Bank had knowledge that Dr. May was in serious and pressing financial distress. The Bank called Dr. May frequently concerning the overdrafts on his accounts. Furthermore, the Bank had direct knowledge that Dr. May was heavily indebted to others at this time. The Bank received the Credit Journal which was published by the Credit Bureau of Jackson on a daily basis. This Credit Journal was checked daily by the officers of the Bank, and any reference to any customers of the Bank, including Dr. May, was circled in red and distributed to each officer of the Bank.
When Simmons-Belk became aware of this indebtedness owing to Dr. May, it had writs of garnishment issued against Meena and McMillan. These writs were duly served on Meena and McMillan on September 3 and 7, 1971. Meena and McMillan admitted that they were indebted to Dr. May in the sum of $90,000 as evidenced by their note, but suggested that this note had been assigned to the Bank. After Bank was served with process in the garnishment proceedings, it filed an answer alleging that the $90,000 note was assigned to it by Dr. May and that the Bank was a holder in due course.
At the time the note was assigned to Bank and at the time the garnishment writs were served, Dr. May owed Bank a sum in excess of the balance due on the note given by Meena and McMillan.
The trial court held that the Bank was a holder in due course of the note and dismissed the garnishment proceedings. Simmons-Belk appealed to this Court.
The judgments against Dr. May were enrolled in the First Judicial District of Hinds County, where he is a resident. Mississippi Code 1942 Annotated section 1557 (1956) provides that "... such judgment or decree shall, from the date of its enrollment, be a lien upon and bind the property of the defendant within the county where it shall be so enrolled." Section 692 states that "... the term `property,' when used in any statute, includes personal property as defined in section 690... ." Section 690 is in part as follows:
The term "personal property," when used in any statute, shall include ... evidences of rights of action, and all written instruments by which any pecuniary obligation ... shall be created.
In Schoolfield, Hanauer & Co. v. Hirsh, 71 Miss. 55, 14 So. 528 (1893), the Court upheld the validity of the assignment of a judgment against the claims of a judgment creditor of the assignor. And in Bryan v. Henderson Hardware Co., 107 Miss. 255, 65 So. 242 (1914), a controversy arose involving the assignment of a debt owing to a judgment debtor. A writ of garnishment was issued after the assignment, and the Court, in holding that the assignment was valid, stated that "The lien of the statute does not extend to cover the right to receive or recover a debt." 107 Miss. at 265, 65 So. at 243. In Bank of Monticello v. L.D. Powell Co., 159 Miss. 183, 130 So. 292 (1930), and in R.F. Walden & Co. v. Yates, 111 Miss. 631, 71 So. 897 (1916), the rule stated in Bryan was reaffirmed. In Yates the Court reasoned that if promissory notes and bills of exchange were subject to judgment liens their negotiability would be thereby practically destroyed. The Court noted that the legislature had reenacted *594 the statutes several times without material change notwithstanding the decisions construing these statutes. Nor has any subsequent reenactment made any material change in these statutes.
Notwithstanding the broad statutory definition of property, the cases have consistently held that the lien of an enrolled judgment does not attach to intangible property, such as vouchers for the payment of money and the right to receive money. A promissory note is one kind of intangible property. Until service of a writ of garnishment or other appropriate writ subjecting such intangible property to the judgment, the lien is inchoate and does not attach. The difference in the application of the statutes regarding judgment liens to tangible property, such as real estate, and intangible property, such as a promissory note, is obvious.
Simmons-Belk contends that the $90,000 note was assigned as collateral security in connection with the $20,000 loan made at the time of the assignment and that the Bank's interest should be limited to that amount. At the time of the assignment and at the time the writs were served, Dr. May owed the Bank in excess of $90,000. The assignment to the Bank was not limited. It is contended that the testimony of Henry E. Bodet, Jr., Executive Vice President of Citizens National Bank, in effect limits the right of the Bank in the assigned note to collateral for the $20,000 loan. We do not construe Mr. Bodet's testimony as stating that the Bank's interest was so limited. On the contrary, he stated that the Bank was looking to the assigned note for the entire indebtedness due by Dr. May to the Bank. The contention of Simmons-Belk in this connection is based on Mississippi Code 1942 Annotated section 41A:3-302(4), (Special Supp. 1967), which provides that "A purchaser of a limited interest can be a holder in due course only to the extent of the interest purchased." We are of the opinion that this statute would not be applicable even if the Bank's case rested on being a holder in due course, because the assignment was absolute and the Bank had a right to hold the note for the total indebtedness of Dr. May.
Simmons-Belk suggests that since the Bank took the position in the trial court that it was an innocent holder for value, it cannot now rely upon the cases cited in the first part of this opinion. It is argued that these cases are not applicable because they were decided before the enactment of the Uniform Commercial Code.
We deem it unnecessary to determine whether the note was negotiable and whether the Bank was in fact a holder in due course. Whether negotiable or not, the transfer to the Bank is not invalid either under Mississippi Code 1942 Annotated section 41A:3-305 or under section 41A:3-306, because the judgment lien never attached and did not become a valid claim to the note within the meaning of said statutes.
Affirmed.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.