Jenkins v. Gowen.

◂•••▸

## MALATHA A. JENKINS v. JOHN H. GOWEN.

JUDGMENT : LIEN ON SUBSEQUENT ACQUISITIONS BY DEFENDANT.—Both under the Act of 1824 (Hutch. Dig. 881, Art. 3), and the Revised Code, 524, Art. 261, judgments and decrees, enrolled according to law, are a lien on property acquired by the defendant after their rendition. See *Moody* v. *Harper*, 25 Miss. R. 484; S. C. 28, Ib. 615.

ERROR to the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

*Burruss* and *Armistead*, and *Nye* and *Hill*, for plaintiff in error,
  Cited *Moody* v. *Harper*, 25 Miss. R. 484; S. C. 28 Ib. 615; and insisted that these two cases settled the doctrine, that a judgment was a lien on property acquired by the defendant subsequently to the judgment. They also cited the following authorities, to show that this was the rule under the English Statutes of West. 2 Ch. 18, and 13 Ed. 1, St. 1, Ch. 18; Cross on Lien, 101 ; 24 Law. Lib. 79; 3 Mylne & Cr. 407 ; 1 Vesey, 416 ; Sugd. on Vend, top page 621, marg. p. 547 ; 2 Cruise on Real Property, 73; 1 Roll. Abr. 892, 10 Vin. Abr. 563. And that the rule is the same in New York ; 15 J. R. 459. In the following cases in Ohio and Pennsylvania, the courts of those States have expressed dissatisfaction with the earlier decisions on this subject, holding a contrary rule. *Roads*

v. *Symes*, 1 Ohio Rep. 143 ; *Stiles* v. *Murphy*, 4 Ib. 92 ; *Richter* v. *Selin*, 8 S. & R. 439.

*R. S. Holt*, for defendant in error,
Cited *Moody* v. *Harper*, 25 Miss. R. 484.

SMITH, C. J., delivered the opinion of the court.

This was an action of replevin, brought in the Circuit of Yazoo by the defendant in error, John H. Gowen, against Malatha A. Jenkins, the plaintiff in error, to recover a certain slave named Mariah, which resulted in a verdict and judgment for the plaintiff in the court below.

The facts of the case are substantially as follow : The defendant in error became the owner of the slave in controversy on the 22d of April, 1858, by purchase, within the county of Yazoo, from one K. W. McKinney ; who acquired title to the said slave by purchase from Mrs. McCann, on the 1st day of April, 1858, in said county. The slave in question was levied upon, and taken from the possession of the defendant in error, by the plaintiff in error, acting as the sheriff of said county, by virtue of executions in his hands against the said K. W. McKinney.

Certain judgments, in the Circuit Court of Yazoo, were rendered against the said K. W. McKinney, bearing date in May and November, 1857 ; each of which was duly enrolled, within thirty days after its rendition. Executions issued on these judgments on the 23d of November, 1858, which were directed to the plaintiff in error as the sheriff of said county, and by him levied on the slave in controversy, on the 25th of November, 1858.

On this state of facts, about which there is no dispute, the court, at the instance of the defendant in error in effect, charged that if the slave was acquired by McKinney after the rendition of the said judgments against him, and was by him sold to the defendant in error before the levy of the executions on her, then she was not subject to seizure and sale under the said judgments ; and that the title of the defendant in error was good, as against them.

Instructions laying down an opposite rule of law, were asked for by the other side, and refused by the court.

The facts above stated, and the charges given and refused by the

court, present the single question, whether or not a subsisting and unsatisfied judgment is a lien on the personal property of the debtor acquired after its rendition ?

The statute, Rev. Code, 524, Art. 261, provides, that all judgments and decrees, enrolled according to the directions of the preceding article, shall be a lien upon, and bind all the property of the defendant or defendants, within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment-creditor, his representatives or assigns, against the judgment-debtor or debtors, his, her, or their representatives, and purchasers and mortgagees from said judgment-debtor or debtors.

These provisions are certainly not less broad and comprehensive than the Statute of 1824, which declares, " that in all cases the property of defendants shall be bound and liable, to any judgment that may be entered up, from the time of entering such judgment." H. &. H. 621. We may, therefore, safely adopt the construction applied to the Act of 1824, in determining the question under consideration.

It is believed, that according to the interpretation of the Statute of 1824, acted on by the courts and the profession, a judgment bound not only the property owned by the judgment-debtor at the date of its rendition, but that it attached as a lien upon all his subsequently acquired property. It is true, however, that we are not apprised of any adjudication by the late Supreme Court, or by this court, upon the question, prior to the case of *Moody* v. *Harper*, reported in 25 Miss. Rep. 484. In that case, the precise question here presented was fully considered by this court; and according to the opinion then entertained, a judgment was a lien on all the property, real and personal, acquired by the debtor after its rendition.

The case of *Moody* v. *Harper* has been cited and relied on as a decisive authority in their favor, by the respective counsel in this case. But after a careful review of the opinion then delivered, we think it susceptible of but one interpretation.

A single expression has led to this misapprehension. We said, " in enacting this law (the Act of 1854, above referred to), the legislature had only in view, the property which the debtor held at

Jenkins v. Gowen.

the time the judgment was rendered." The question then under examination, was not whether the judgment-lien attached to the subsequently acquired property of the debtor, but whether upon the acquisition of the property, the lien which then attached, related back to the date of the judgment, so as to cut out the lien of a junior judgment, which was also rendered before the property was acquired? It is perfectly evident, that the whole argument in the opinion, proceeded upon the ground that a lien did attach under the several judgments, so soon as the property in contest was acquired by the judgment-debtor. No lien attached to the property when the judgments were rendered, for the manifest reason that it did not then belong to the debtor, and it was distinctly so held. The purpose and meaning of the expression seems, hence, to be clear. That the Legislature did not intend that a judgment should operate as a lien from the time of its rendition, except as to the property of the debtor owned by him at that time, was the proposition intended to be announced; and not, as it is insisted, that a judgment should not operate as a lien upon the subsequently acquired property of the debtor.

The same case was subsequently before this court, 28 Miss. Rep. 615. And on that occasion the decision was made to turn upon the priority of a judgment-lien, which was held to attach to the property in controversy, which was acquired by the debtor after the judgment was rendered. This case is a distinct recognition of the principle, that under the Act of 1824, a judgment bound all the property of the debtor, whether owned by him at the time of its rendition, or acquired subsequently thereto; but that the lien attaching to after-acquired property, would date from its acquisition, and not relate back to the time when the judgment was rendered. The article in the Revised Code, as above remarked, is quite as comprehensive as the Statute of 1824, under which this decision was made; and, with reference to the question we have considered, is, in our opinion, not susceptible of a different construction. It follows, from this view of the subject, that the charges granted by the court were erroneous; and that it erred also, in refusing the instructions requested by the defendant on the trial below. For these errors we reverse the judgment, and remand the cause for a new trial.