FIRST NATIONAL BANK OF WACO, TEXAS, *v.* FAIN GROCERY COMPANY.

[40 South. Rep., 6.]

ATTACHMENT. *Garnishment. Claimant's issue. Code* 1892, § 2144. *Justice of the peace. Appeal. Jurisdiction.*

The appeal of a claimant of property seized, or debt impounded, under attachment from the judgment of a justice of the peace, will not be dismissed because his claim was not made in the justice's court "in writing under oath," as provided by Code 1892, § 2144, since the form in which a claim is propounded is not jurisdictional; it may be waived, and is subject to amendment.

FROM the circuit court of, second district, Perry county.

HON. WILLIAM T. McDONALD, Judge.

The Fain Grocery Company, appellee, was plaintiff in the court below; the Dupree Commission Company was defendant there; and the First National Bank of Waco, Texas, the appellant, was the claimant. From a judgment dismissing the appeal of the claimant to the circuit court from a judgment of a justice of the peace adverse to it, the claimant appealed to the supreme court.

The plaintiff sued out an attachment against the defendant and garnisheed the First National Bank of Hattiesburg, which

answered, admitting an indebtedness to the defendant of some-thing over two hundred dollars, but suggested that the appellant claimed the funds and asked that it be summoned to contest with the plaintiff in attachment the right to said funds. The defend-ant in attachment was duly summoned, but made default; the claimant, now appellant, appeared in the justice's court and orally claimed the funds. An issue was made up orally and tried in the justice's court, resulting in a judgment in favor of plaintiff, from which the present appellant, the claimant, appealed to the circuit court. When the case reached the circuit court, the plaintiff moved to dismiss the appeal because the claim was not propounded "in writing under oath," as required by Code 1892, § 2144. The claimant moved the court for leave to amend, and asked that it be permitted to propound its claim "in writing under oath." The circuit court heard both motions, and overruled the claimant's motion to amend, but sustained the plaintiff's motion to dismiss the appeal.

*Stevens, Stevens & Cook,* for appellant.

In the instant case the court had jurisdiction of the person and of the subject-matter, and its judgment, had it been in claimant's favor, would have been cured by the statute of joefails. If the court does not have jurisdiction of the person and subject-matter, it would have been powerless to enter a judgment by default in the event the claimant had failed to appear at all; and the power to enter such judgment by default is given in the same statute which directs the manner in which the claimant shall propound his claim in the event he does appear. The claimant's issue is ancillary to the main issues of the case, anyway; even after judgment against the garnishee, he may come in and suggest a claimant if he did not know of the claim at the time he answered and before judgment was entered against him.

In the case of *Holmes* v. *Preston,* 70 Miss., 152 (s.c., 12 South. Rep., 202), Judge Cooper uses this language: "The sub-

stantial rights of litigants should not be lost by reason of the mere slip or inadvertence of counsel when discovered during the progress of the trial, and application to avoid its effect is promptly made, which, if granted, would result in no delay or injustice to the adversary party." The plaintiff in this case, appellee here, was not hurt or delayed in any wise; and claimant moved to be permitted to file its claim properly before the case came up for trial in the circuit court and soon after its attention had been called to the motion of appellee to dismiss the appeal. *Railroad Co.* v. *Price,* 72 Miss., 862 (s.c., 18 South. Rep., 415); *Railroad Co.* v. *Schraag,* 84 Miss., 125 (s.c., 36 South. Rep., 193).

On the trial of *Naron* v. *Malone,* 43 Miss., 347, there was no plea or issue, but the court said "the error (for error it is) does not operate injustice or harm to the plaintiff in error," and overruled a number of old cases. *Hewett* v. *Cobb.,* 40 Miss., 62; *Garrett* v. *Felt,* 32 Miss., 137.

Code 1892, § 85, provides that cases appealed from justices' courts to circuit courts shall be "tried anew." The court said, in *Callahan* v. *Newell,* 61 Miss., 437, that "appeals from judgments of a justice of the peace are to be tried anew, as if never tried before, and any defense may be set up for the first time in the circuit court, although the appeal is from a judgment by default." *Harvey* v. *Clark,* 81 Miss., 166 (s.c., 32 South. Rep., 906), was a proceeding under Code 1892, § § 2547-2557, for unlawful entry and detainer. In the justice's court, Harvey failed to make an affidavit denying the facts upon which the summons was issued, as required under sec. 2552, but offered to make the affidavit in the circuit court, which offer the court refused, because not made on or before the return-day of the summons before the justice of the peace, and gave final judgment against Harvey to remove him from the premises. This court reversed the judgment of the lower court upon the ground that Code 1892, § 81, provided that such a case upon appeal shall be tried anew

on its merits.     Section 85 is as broad as sec. 81.     The language is practically identical, so far as it relates to the point at issue, and should receive the same interpretation and construction.

*Ellis & Hearst,* for appellee.

The statute which requires a claimant to propound its claim in writing, under oath, is mandatory, and the claim and affidavit for the claim in proceedings like the present are jurisdictional, and have to be substantially complied with in order to give the claimant any standing in court.     Code 1892, § 159.

By any fair construction of Code 1892, § 2144, the claimant is under obligation to file its claim in writing and under oath, before a trial is had and judgment rendered in the main suit.     If these requirements be jurisdictional, they cannot be waived by the parties, either expressly or by implication; and since they are jurisdictional, it follows, as a matter of course, that the question of jurisdiction may be raised at any time, and by any of the parties to the suit.

In the case of *Higdon* v. *Vaughn,* 58 Miss., 572, the language on this is as follows: "Where the claimant fails to file the required affidavit, although he gives bond under Code 1871, § § 858, 1456, and the property is delivered to him, it is proper to dismiss the claim because of the failure to file the affidavit, and thereupon the claimant's failure to deliver up the property is a breach of the bond, and in an action thereon the obligors are, by the judgment of dismissal, estopped to aver that the affidavit was filed."     We especially direct the attention of the court to the case of *House* v. *West,* 19 South. Rep., 913—a case on all fours with the case at bar.

The authorities cited by counsel for appellant in their brief do not support their contention.     An examination will disclose that all of them deal with defects in pleading and evidence, and they do not touch the point involved in the record in this case.

TRULY, J., delivered the opinion of the court.

It was error in the court below to dismiss the appeal of the claimant, appellant here. The interpleader of the appellant, under Code 1892, § 2143, was proper. It would also have been proper practice, under sec. 2144, to have required the claim to the money in question to have been propounded "in writing under oath." In default of the affidavit required, the plaintiff in attachment might very properly have availed itself of this defect by motion to dismiss. But it appears by the judgment of the justice of the peace that an issue was made up between the plaintiff and the claimant, with full knowledge and without objection, although the claim propounded by appellant to the money was made orally. The form in which the claim to the property in controversy is propounded is not jurisdictional. In the justice's court it is a matter of procedure merely, and may be waived by the parties or amended upon appeal, under Code 1892, § 717, so as to bring the merits of the controversy fairly to trial. *Canty* v. *Wood* (Miss.), 38 South. Rep., 315.

*Reversed and remanded.*