GERLACH-BARKLOW Co. *v.* ELLETT *et al.*[*]

(Division.B. Jan. 3, 1927. Suggestion of Error Overruled Jan. 31, 1927.)

[111 So. 92. No. 26057.]

1. JUDGMENT. *Judgment creditor held not to have released lien on au-
tomobile by authorizing sheriff to release first levy of execution
(Hemingway's Code, section 607).*

    Under Code 1906, section 819 (Hemingway's Code, section 607),
    authorizing lien on defendant's property after enrolling judg-
    ment, judgment creditor did not waive lien on automobile levied
    on by authorizing sheriff to release first levy of execution.

2. JUDGMENT. *Purchaser of automobile from judgment creditor held
charged with knowledge of statutory lien of judgment creditor
(Hemingway's Code, section 607).*

Purchaser of automobile from judgment debtor *held* charged with knowledge of judgment creditor's lien, under Code 1906, section 819 (Hemingway's Code, section 607), at time of purchase.

*Corpus Juris-Cyc. References: Judgments, 34 C. J., p. 588, n. 23; p. 617, n. 29 New; p. 632, n. 14 New.

Appeal from circuit court of Coahoma county, Second district.

Hon. Wm. A. Alcorn, Jr., Judge.

Action by the Gerlach-Barklow Company against C. Grady Ellett. Judgment for plaintiff, and execution issued on judgment with levy on automobile, whereupon the Standard Automobile Company claimed the automobile as purchaser. Judgment in favor of the Standard Automobile Company, and plaintiff appeals. Reversed and judgment rendered.

*T. A. Frazier* and *G. Edward Williams,* for appellant.

The question is whether or not the note written by Mr. T. A. Frazier, attorney for appellant, to the sheriff of Coahoma county, which called off the sale under execution, also released the lien of the enrolled judgment against the car.

As to the lien of an enrolled judgment covering all the property both real and personal, we rely on section 607, Hemingway's Code (section 819, Code of 1906). This section has been construed in *Warren & Co. v. Yates,* 111 Miss. 631. See also cases cited therein: *Jenkins v. Gowen,* 37 Miss. 444; *Menshaw v. Davidson,* 86 Miss. 354; *Cooper v. Twrrange,* 52 Miss. 431; *Coyce v. Stovall,* 50 Miss. 396; *Cahn v. Person,* 56 Miss. 360; *Mitchell v. Wood,* 47 Miss. 231; and *Simpson v. Smith Co.,* 75 Miss. 505.

It is well settled by decisions of this court that one purchasing property on which there is a judgment lien holds it subject to the right of the creditor to subject it to his judgment. The automobile in question in the in-

stant case was held by appellee subject to the charge of the judgment upon the car. The lien can be enforced only by execution. *Dozier* v. *Lewis,* 27 Miss. 679; *Westmoreland* v. *Wooten,* 51 Miss. 825; *Wooten* v. *Gwin,* 56 Miss. 422.

Nowhere in the record is it contended that appellee, Standard Automobile Company, thought it was taking the automobile free of the judgment lien. The authorities above cited thoroughly bear out the contention that a judgment creditor can pursue the property in the hands of the sub-vendee or more remote purchaser.

It is true, except in a few states, that the lien of a judgment does not attach to personal property, but arises as against such property only by virtue of an execution. By statute, however, a judgment may be made a lien upon personal as well as real property. Under our statute, as quoted above, the lien of a judgment is just as effective against personal property.

Having neglected to use ordinary caution, appellee now asks that a lien by appellant be set aside so that no injury shall result from its carelessness. The law does not place a premium on carelessness. The whole question is settled by the text in Freeman on Judgments, section 994, citing *Pickett* v. *Doe,* 5 S. &. M. 470.

*Gee & Talbot,* for appellees.

I. Can a judgment creditor whose conduct has been such as the judgment creditor in this cause control and release at will property of a judgment debtor, as the property in this cause was released, and still retain the seniority of his enrolled judgment?

Counsel take the stand that we are attacking the lien of his enrolled judgment. We are not and did not attack it in the trial court. There is no proof in the record that this automobile in controversy was the only property subject to levy and seizure by execution. Evidently, counsel did not read *Simpson* v. *Smith Sons Gin & Ma-*

*chine Co.,* 75 Miss. 505, a case which does not appear to have ever been overruled by this court and which deals with a judgment lien upon personal property.

Our judgment lien statute appears to have made its first appearance in our laws in the year 1824. Immediately thereafter there was decided the cases of *Michie* v. *Planter Bank,* 4 Howard 139; and *Smith* v. *Eyerly,* 4 Howard 178. For the first time the rule was laid down that if the senior judgment creditor suspends his writ of execution, he forfeits his priority in favor of a junior judgment creditor. Certainly, the claimant in this cause who bought the property from the judgment debtor, Ellett, occupies as favorable a position in the eyes of the law as a junior judgment creditor.

Where there is sloth, negligence or fraud on the part of the senior judgment holder, then the priority of his judgment is lost. *Scraff Bros.* v. *Zimmerman,* 60 Miss. 760.

In New Jersey where the statute provides that judgments shall take precedence in the order in which execution shall be taken out and levied, it was held in *Andrus* v. *Burke,* 61 N. J. Eq. 297, that where a senior judgment creditor issues execution but directs the sheriff to return the execution without levying in order to found supplemental proceedings on it to reach assets not leviable, his judgment becomes junior not only to subsequent judgments under which executions are levied but also to an intervening mortgage. See also 34 C. J. 615, note 3; *Virden* v. *Robinson,* 59 Miss. 28.

It is our contention for the claimant-appellee that the release executed by appellant's attorney was such conduct on the part of the appellant as to satisfy any person that appellant had abandoned his claim as to the automobile in controversy. A judgment creditor must not play with his judgment lien and execution and then expect to retain his lien on specific property which he has released as in this cause.

II.   Counsel for appellant are raising the point for the first time that the attorney for appellant had no authority to release the automobile in controversy from the execution.   This question cannot be raised in this court for the first time.   *Huston* v. *King,* 119 Miss. 347, 80 So. 779; *Anderson* v. *Leland,* 48 Miss. 253; *Griswold* v. *Simmons,* 50 Miss. 137; *George & Co.* v. *Louisville, etc., R. R. Co.,* 88 Miss. 306, 40 So. 486; *Adams* v. *Clarksdale,* 95 Miss. 88, 48 So. 242.

If counsel could raise this question for the first time the burden of proof was upon them to show that Mr. Frazier, attorney for appellant, had no authority in the trial court for the reason that the burden of proof is upon the plaintiff in execution on a trial of this kind.   Section 4994, Code of 1906 (section 3268, Hemingway's Code).

Then again there is no evidence in the record and nothing before this court that the appellant has ever complained of repudiated the act of his attorneys.   *Levy* v. *Brown,* 56 Miss. 83.   If this appeal could be construed that they are now repudiating his acts, they are too late in their repudiation.

The judgment of the trial court should not be disturbed.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, Gerlach-Barklow Company, secured a judgment for one hundred sixty-three dollars and seventy-nine cents against one of the appellees, C. Grady Ellett, which was duly enrolled.   Execution was issued on this enrolled judgment, and an automobile belonging to the judgment debtor, Ellett, was levied upon to satisfy the judgment.   Before the sale of the automobile, however, the execution was stopped by the judgment creditor, who wrote a letter to the sheriff in the following language:

"Sheriff of Coahoma County, City: You are hereby authorized to release that certain Ford coupe belonging to C. G. Ellett, from the execution issued by Gerlach-Barklow Company upon the payment of costs and this shall be your authority for so doing.

"[Signed] T. A. FRAZIER."

After the car was released from execution, the judgment debtor, Ellett, sold it to the Standard Automobile Company, one of the appellees herein, and the contest in this law-suit is between Gerlach-Barklow Company and the Standard Automobile Company as to which has the superior right to the car which was subsequently levied upon under an *alias* writ of execution obtained by the judgment creditor, and claimed by the purchaser, the Standard Automobile Company.

The appellee, the Standard Automobile Company, contends that the judgment creditor, Gerlach-Barklow Company, waived and surrendered its judgment lien against the car when it authorized the sheriff to release the car from the first execution issued by the judgment creditor and the lower court so held, seemingly upon the idea that no lien attached against personal property under an enrolled judgment, unless and until the property was seized under the writ of execution.

The appellant contends that the judgment of the lower court is wrong, because the judgment creditor had a lien upon the automobile by his enrolled judgment, under section 819, Code of 1906 (Hemingway's Code, section 607), which reads as follows:

"A judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment-creditor, his representatives or assigns, against the judgment-debtor, and all persons claiming the property under him after the rendition of the judgment; and a judgment shall not be a lien on any property of the defendant thereto unless the same

145 Miss.—5.

be enrolled; but in counties having two judicial districts a judgment shall operate as a lien only in the district or districts in which it is enrolled,"—and that the car was subject to levy of execution by the judgment creditor, even though the judgment creditor had made a former levy upon the car and released it.

We think the lower court was in error to hold that the judgment creditor herein waived or released his lien upon the car when he authorized the sheriff to release the first levy of execution. This act of releasing the levy of the judgment creditor could in no way impair or defeat the judgment lien on the car given him under the statute.

The question has been so well settled in this state that it seems needless to cite authority therefor. We do not see wherein the appellee, the purchaser of the car from the judgment debtor, Ellett, can complain of the enforcement of the judgment creditor's lien, because he was not misled in any way, and he was bound to take notice of our statutory law on judgment liens, and he was charged with the knowledge of the lien of the judgment creditor when he purchased the car from Ellett.

We therefore conclude that the judgment of the lower court was error, and must be reversed, and judgment entered here for appellant.

Reversed, and judgment here for appellant.

*Reversed.*