PARMLEE, et al. *v.* CITY OF WEST POINT.

Dec. 15, 1952

No. 38831 12 Adv. S. 30, 31 61 So. 2d 444, 445

*Frank A. Critz* and *B. H. Loving,* for appellants.
*T. J. Tubb,* for appellee.

### ON MOTION TO STRIKE FROM DOCKET

HOLMES, J.

Appellants have filed in this cause a motion to strike from the docket of this Court the motion of the appellee to advance this cause and to strike this cause from the docket of the Court upon the ground that the record of the cause was prematurely filed in the Supreme Court. It is set forth in the motion that on November 17, 1952, the official court reporter mailed to all of the attorneys in this case notice of the filing of the transcript of her stenographic notes and that under the provision of Sec. 1641 of the Mississippi Code of 1942, the attorneys for the appellants had until November 27, 1952, in which to examine said notes and suggest corrections, if any, therein, █ but that prior to the expiration of the time allowed the attorneys for the appellants to examine said notes, to-wit: on November 24, 1952, the record of the cause was filed in the Supreme Court. There is no showing that the notes as filed are not correct, nor is it questioned that the notice to the court reporter to transcribe her notes was timely given. Sec. 1643 of the Mississippi Code of 1942 provides as follows:

"If notice as above required is given to the court reporter by the appellant or his counsel within ten days after the conclusion of the terms of court, no court reporter's transcript of his notes shall be stricken from the record of the Supreme Court, for any reason, unless it be shown that such notes are incorrect in some material particular, and then only in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record as provided by this chapter."

It follows under the provisions of said Section 1643 of the Code of 1942 that the said motion of the appellants must be and it is overruled.

Motion to strike overruled.

*McGehee, C. J.,* and *Hall, Kyle, Ethridge,* and *Arrington, JJ.,* concur. *Roberds, J.,* took no part.

ON MOTION TO ADVANCE

HOLMES, J.

The appellee has filed a motion to advance this case on the docket of this Court as a preference case. The case on its merits involves an appeal from a decree of the Chancery Court of Clay County overruling objections to the validation of $1,200,000 of water and sewer revenue bonds of the City of West Point, and validating said bonds. ██ Under Section 4314 of the Mississippi Code of 1942, the case is entitled to be heard as a preference case and the motion is, therefore, sustained and the case is set for hearing on the 9 day of February, 1953. The appellants shall file their brief on or before the 9 day of January, 1953, and the appellee shall file its brief on or before the 29 day of January, 1953. And any rejoinder brief shall be filed not later than 3 days before the date fixed for hearing. The requirements herein for the filing of briefs is subject to such change as may be affected through agreement of counsel.

Motion sustained and case set for February 9, 1953.

*McGehee, C. J.,* and *Hall, Kyle, Ethridge,* and *Arrington, JJ.,* concur. *Roberds, J.,* took no part.

(Appeal dismissed by agreement, by order without opinion, Jan. 26, 1953).