MOTORS SECURITIES CO., INC. *v.* B. M. STEVENS CO.

No. 39778        November 14, 1955        83 So. 2d 177

*Ben Stevens,* Hattiesburg; *L. Barrett Jones,* Jackson, for appellant.

*Sidney B. Majure*, Newton, for appellee.

KYLE, J.

This case is before us on appeal by Motors Securities Company, Incorporated, claimant, from a judgment of the Circuit Court of Perry County in favor of B. M. Stevens Company, a judgment creditor, directing the sale of a pickup truck, which had been seized under a writ of execution for the satisfaction of a judgment in favor of B. M. Stevens Company against Leon J. Breland.

The record shows that on March 22, 1950, B. M. Stevens Company obtained a judgment in the Circuit Court of Perry County, Mississippi, against Leon J. Breland, for the sum of $353.10, and that the judgment was duly enrolled in the office of the clerk of the circuit court immediately thereafter. On December 3, 1950, Breland, who was a resident of Perry County, became the owner of a 1950 Model Chevrolet pickup truck, which he continued to own until the truck was seized under the writ of execution issued in this cause on January 18, 1954. On October 6, 1953, Breland drove the truck to Monroe, Louisiana, and obtained a loan on the truck from the appellant, Motors Securities Company, and executed a chattel mortgage on the truck in favor of the appellant to secure the indebtedness. The chattel mortgage was duly recorded in the office of the Chancery Court Clerk of Perry County on October 15, 1953. The appellant knew at the time the loan was made that Breland resided in Perry County, Mississippi.

On December 7, 1953, the appellee had an execution issued on the enrolled judgment against Breland; and on

January 18, 1954, the truck was seized under the writ of execution while it was still in Breland's possession in Perry County.

On March 12, 1954, the appellant filed a claimant's affidavit and a motion to quash the writ of execution; and in his affidavit the appellant alleged the facts concerning the making of the above mentioned loan and the execution by Breland of the above mentioned chattel mortgage which had been duly recorded; and the appellant claimed that the mortgage lien against the truck was superior to the lien of the judgment.

The cause was heard by the court upon the issues presented without the intervention of a jury by agreement of the parties, and at the conclusion of the hearing the court entered a judgment in favor of B. M. Stevens Company, the judgment creditor.

From that judgment the claimant, Motors Securities Company, Incorporated, prosecutes this appeal.

Only one question is presented for our decision on this appeal, and that is, whether the judgment lien in favor of B. M. Stevens Company had priority over the chattel mortgage lien of the Motors Securities Company, Incorporated.

We think that question must be answered in the affirmative. The appellee's judgment had been duly enrolled in the county where the judgment debtor resided, and the judgment had not been satisfied at the time the chattel mortgage was filed for record.

Section 1555, Code of 1942, provides that: "A judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns, against the judgment debtor, and all persons claiming the property under him after the rendition of the judgment; * * * ."

Under our statute a judgment constitutes a lien upon and binds all the property of the defendant within the county where it is enrolled from the rendition thereof. The lien attaches to after-acquired property from the date of its acquisition. Jenkins v. Gowen, 37 Miss. 444; Cayce v. Stovall, 50 Miss. 396.

One who purchases property on which there is an enrolled judgment lien holds it subject to the right of the judgment creditor to have it seized under a writ of execution for the satisfaction of the judgment. Jenkins v. Gowen, supra; Minshew v. Davidson, 86 Miss. 354, 38 So. 315; Gerloch-Barklow Co. v. Ellett, 145 Miss. 60, 111 So. 92.

The appellant's attorneys cite in support of their contention the case of Willis Hardware Company v. Clark, 216 Miss. 72, 61 So. 2d 441. But the decision in that case is not controlling here. The cotton subject to the judgment lien in that case was never seized under a writ of execution. The appellant had caused no writ of execution to be levied upon the cotton while it was still in the hands of Clark so as to obtain a specific lien thereon, but had waited until after Clark had disposed of the cotton and had then sought to obtain a money judgment against Clark for the conversion of the cotton. In this case the judgment creditor proceeded against the property itself and caused the property to be seized under a writ of execution, as he had a right to do, thereby impressing a specific lien on the property; and under the decisions cited above the appellee's judgment lien had priority over the appellant's chattel mortgage lien.

The judgment of the lower court is therefore affirmed.

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie*, JJ., Concur.