BRADY, Justice:
This is an appeal from the Circuit Court of Harrison County, Mississippi, wherein the trial court was petitioned to make a determination of the respective rights of certain judgment creditors, and to thereafter order disbursement of funds in the amount of $1,502.70 heretofore paid into the registry of the court.
The appellants are McPhillips Manufacturing Company, Inc., and Precision Paint Corporation. They are judgment creditors of Carter-Murphy Construction Company, Inc., having secured rendition of Harrison County Court judgment for $1,064.11 on November 8, 1966, and for $3,071.40 on December 14, 1966, respectively, these judgments being enrolled on the Judgment Roll.
Approximately a year and a half later, on April 16, 1968, a default judgment of Phillips Building Supply of Gulfport, Inc., the appellee, hereinafter called Phillips, was obtained in circuit court in the amount of $27,000. Phillips filed two suggestions for writs of garnishment, one on the judgment against Roberts, Young, Stelly and Rosetti, which was withdrawn, and the other on the judgment against Mississippi Valley Title Insurance Company, a Mississippi Corporation, and O. B. Taylor, Jr., Trustee.
On June 5, 1968, garnishment writs were issued upon the judgment of Phillips against Mississippi Valley Title Insurance Company and Bobby L. Covington, Vice President thereof and agent for O. B. Taylor, Jr., Trustee, as garnishees. Pursuant to said garnishment writs the aforesaid garnishees filed their written answer reciting that they had engaged in five trust deed foreclosure proceedings on September 6 and 7, 1966, upon real estate in Harrison County, Mississippi, that generated specific amounts on the following lots situated in Cooper Terrace Subdivision: $252.82 from Lot 5 of Block 2; $44.66 from Lot 1 of Block 1; $394.40 from Lot 1 of Block 2; $798.00 from Lot 3 of Block 2; and $12.82 from Lot 18 of Block 1.
The trustee executed trustee’s deeds conveying title to all the land and improvements unto RAMCO, Inc., on September 7, 1966. The answers of the garnishees recited that there was $1,502.70 in excess funds overbid for foreclosures upon the property owned by Carter-Murphy Construction Company, Inc. The appellant contends that the judgment of McPhillips Construction Company, Inc., rendered two months after the foreclosure and transfer of the property by the trustee, would none *304 theless attach to and become a lien against the said property.
The court ordered that the sum of $1,-502.70 held in the registry of the court be paid over to Phillips after the deduction of all costs. From this decision an appeal was taken.
Mississippi Code 1942 Annotated section 2805 (1956) clearly and distinctly provides that the claim of third persons to money paid into the court by a garnishee should be propounded under oath.
§ 2805. Claim of third person tried.
If the claimant, being duly summoned, fail to appear, the court shall adjudge the money, debt, or property to the plaintiff. If he appear, he shall propound his claim to the money, debt, or property in writing under oath; and the plaintiff may take issue thereon, and the same shall be tried and determined as other issues; and, if the issue be found in favor of the plaintiff, judgment shall be rendered for him against the garnishee, and also for the costs of the interpleader against the claimant; but if the issue be found for the claimant, judgment shall be rendered in his favor against the garnishee, and against the plaintiff for the costs. Where the garnishee has paid money into court, the judgment shall direct its payment to the party entitled thereto, and a judgment therefor shall not go against the garnishee.
While the merits of this cause are not determined by the error urged, that the motion of appellant to dismiss should have been sustained, we point out, as was pointed out in First National Bank of Waco, Texas v. Fain Grocery Company, 87 Miss. 503, 507, 40 So. 6, 7 (1905), that: “It would also have been proper practice, under section 2144, to have required the claim to the money in question to have been propounded ‘in writing under oath.’ In default of the affidavit required, the plaintiff in attachment might very properly have availed itself of this defect by motion to dismiss.” In that case a waiver was committed which is not true in the case at bar. The issues which determine the disposition of this case are (1) whether or not a lien was obtained by the senior judgment creditors against the land which was foreclosed under deed of trust and sold, and (2) whether or not a lien was obtained against the overpayment of funds resulting therefrom. The determination of these issues is controlled by the decisions in the following cases: Willis Hardware Company v. Clark, 216 Miss. 84, 61 So.2d 441 (1952); De Bardeleben Coal Corporation v. Parker, 164 Miss. 728, 145 So. 341 (1933); Kalmia Realty & Insurance Company v. Hopkins, 163 Miss. 566, 141 So. 903 (1932); Johnson v. Cole Manufacturing Company, 144 Miss. 482, 110 So. 428 (1926); Cahn v. Person, 56 Miss. 360 (1879).
In conclusion, from the established facts in this cause and under the applicable rules of law, the senior judgment creditors, appellants, did not obtain a lien against the lands in question for the reason that said lands were sold and the overbids obtained therefrom prior to the time the senior judgment creditors obtained their judgments and had them enrolled. No lien was established by the senior judgment creditors against the overbids in the sum of $1,502.70, which the appellees discovered and compelled to be paid into the registry of the court, since the senior judgment creditors never attempted to garnishee or attach these overbids.
For these reasons, the judgment of the trial court is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.