**H. L. MERIDETH, Jr., Plaintiff,**

v.

**UNITED STATES of America et al., Defendants,**

v.

**UNITED STATES of America, Defendant-Third-Party Plaintiff-Appellant,**

v.

**GREENVILLE CONTRACTING COMPANY, Third-Party Defendant-Appellee.**

No. 71–1730

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1971.

H. M. Ray, U. S. Atty., Oxford, Miss., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, Richard W. Perkins, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellant.

Douglas C. Wynn, Greenville, Miss., for appellee.

H. L. Merideth, Jr., pro se.

Eugene J. Raphael, Greenville, Miss., for Boston Old Colony Ins. Co.

James L. Robertson, Greenville, Miss., for Meadors Chev. Co.

Philip B. Terney, Greenville, Miss., for Humble Oil & Ref. Co.

J. A. Lake, Greenville, Miss., for England Motor Co., Lake, Tindall & Hunger, Greenville, Miss., of counsel.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This case involves lien rights of Mississippi judgment creditors vis a vis federal tax liens. The district court ruled in favor of the judgment creditors, 327 F.Supp. 429, and we affirm on the opinion of the district court with the following additional statement.

The facts of this case are in line with and controlled by our decision in Brookhaven Bank & Trust Co. v. Gwin, 5 Cir., 1958, 253 F.2d 17, where we followed the Mississippi Supreme Court in Motors Securities Co. v. B. M. Stevens Co., 225 Miss. 361, 83 So.2d 177 (1955). The district court was of this same view. This is not a case controlled by McPhillips Const. Co. v. Carter-Murphy Const. Co., Miss., 227 So.2d 302 (1969) as the government urges. McPhillips like Willis Hardware Co. v. Clark, 216 Miss. 84, 61 So.2d 441 (1952), involved proceeds from property rather than the property itself. Whether the lien statute of Mississippi affords a choate lien against such proceeds need not be decided for it is clear that the lien here on land and machinery was choate and thus superior to the federal tax liens.

Affirmed.