Bennie WHITEHEAD, Susan Whitehead, Individually and as Mother and Adult Next Friend of Amy Whitehead, a Minor Plaintiffs

v.

K MART CORPORATION Defendant

No. CIV.A. 3:95CV827WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 30, 1999.

Ross Robert Barnett, Jr., J. Tayloe Simmons, Jr., Barnett Law Firm, Jackson, Ms, Ross F. Bass, Jr., Phelps Dunbar, Jackson, MS, Paul S. Minor, Stephen B. Simpson, Minor and Associates, Biloxi, MS, for Bennie Whitehead, Susan Whitehead, Individually and as Mother and adult next friend of Amy Whitehead, a minor, plaintiffs.

Henry Gray Laird, III, James D. Holland, Page, Kruger & Holland, P.A., Jackson, MS, Don Keller Haycraft, Khristina Deluna Miller, Liskow & Lewis, New Orleans, LA, for K Mart Corporation, John Does, defendants.

## ORDER GRANTING SANCTIONS

WINGATE, District Judge.

Before the court is the defendant's motion asking this court to impose sanctions upon plaintiffs' attorney, Paul S. Minor. Defendant's motion is predicated upon Rule 11[1] of the Federal Rules of Civil Procedure and upon Title 28 U.S.C. § 1927.[2] This court has reviewed the briefs, heard the argument of counsel and, notwithstanding Minor's objection, finds that defendant's motion has merit and that this court should impose appropriate sanctions upon the plaintiffs' attorney.

### Background

On May 27, 1997, this court entered a judgment in the amount of approximately 3.4 million dollars in the above-styled and numbered cause in favor of the plaintiffs after a jury verdict determining that the defendant was liable to the plaintiffs. Plaintiffs had charged, and the jury had agreed, that defendant K–Mart Corporation had negligently failed to provide safe premises for plaintiffs who had been kidnapped from defendant's parking lot, unattended by security, and later sexually assaulted.

After entry of judgment, the defendant timely moved for a new trial[3] or for remit-

1. Defendant seeks imposition of sanctions pursuant to Rule 11(b) and 11(c)(1)(B) of the Federal Rules of Civil Procedure. Rule 11(b) provides in pertinent part that, "[b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief".

Rule 11(c)(1)(B) provides that, "On its own initiative the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."

2. Title 28 U.S.C. § 1927 provides that, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

3. A motion for new trial is governed by Rule 59 of the Federal Rules of Civil Procedure. Rule 59(b) provides that, "any motion for new trial shall be filed no later than 10 days after entry of judgment." Rule 6(a) of the Federal Rules of Civil Procedure excludes the entry date of the judgment from consideration in all

titur on June 9, 1997. The defendant also asked for stay of execution of judgment under Rule 62(b) [4] of the Federal Rules of Civil Procedure pending disposition of its motion for new trial or to alter or amend the judgment which was made pursuant to Rule 59. This court entered Orders denying defendant's request for a new trial; denying the motion for remittitur; and denying the Rule 62(b) motion for stay on August 18, 1997. This court's denial of the defendant's motion for stay under Rule 62(b) may have been superfluous since the request for a new trial and the motion for a remittitur were denied at the same time.[5] This court's Orders, however, did not address, nor was the court asked to address, the provisions of Rule 62(f) of the Federal Rules of Civil Procedure which provides in pertinent part that "[i]n any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state."

Three days after this court's Orders denying new trial, remittitur and stay, the plaintiffs obtained a writ of execution on this court's judgment from the Clerk of the Court. Plaintiffs' attorney then went to a K–Mart Corporation facility in Jackson, Mississippi, and attempted to execute this court's judgment by seizing the proceeds of that store's cash registers and safe. According to the defendant, plaintiffs' attorney engaged in press manipulation, accusing K–Mart of irresponsibility and failure to pay its just debts while charging that the judgment amount obtained in this court was past due because of K–Mart's refusal to pay. Because of the actions of the plaintiffs' attorney, the story the plaintiffs' attorney sought to communicate to the media, that of K–Mart failing to pay a just and past-due judgment obtained in federal court, was widely circulated. Furthermore, says defendant, the plaintiffs' attorney claimed to be acting with the authority of this court when he attempted to execute the judgment.

Upon being made aware of the course of action taken by the plaintiffs' attorney in his attempt to execute this court's judgment, this court directed the plaintiffs' attorney through the United States Marshal's office to cease and desist pending a telephone conference with the court. At this conference, the defendant was directed to submit to the court and to the plaintiffs' attorney a proper supersedeas bond so that all matters in this case might be stayed pending appeal. Defendant's counsel reserved the right to submit a motion for sanctions. The bond for the amount of 125% of the judgment was submitted to and approved by the court and by the plaintiffs' attorney. Then, on August 26, 1997, after having reserved the right to do so, the defendant filed this motion for sanctions.

---

cases and excludes intermediate holidays and weekends whenever a rule such as Rule 59(b) establishes a time period of less than 11 days. *See U.S. Leather, Inc. v. H & W Partnership*, 60 F.3d 222, 225 (5th Cir.1995). The deadline for the defendant's motion for a new trial in the instant case was June 10, 1997.

4. The motion for stay was submitted pursuant to Rule 62(b) which provides in pertinent part that, "the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for new trial or to alter or amend judgment made pursuant to Rule 59, . . . ."

5. For purposes of proper administrative record keeping, this court must address specifically each element of a party's motion(s) so that the motion(s) will be fully accounted for and reconciled.

### Defendant's Argument for Sanctions

Defendant argues that, in view of Rule 62(f) of the Federal Rules of Civil Procedure and Rule 62(a) of the Mississippi Rules of Civil Procedure, plaintiffs' execution of judgment was premature since it was unsupported by the applicable law; wholly unauthorized; and pursued vexatiously to unnecessarily multiply litigation, as well as to embarrass and humiliate the defendant. Defendant claims that its good will and business reputation were maligned by the misrepresentations of plaintiffs' attorney concerning the judgment in this case. In pursuing his ostentatious play to the news media, says defendant, the plaintiffs' attorney ignored the rules applicable in the State of Mississippi pertaining to stays of execution of judgments obtained in the United States District Courts of Mississippi when he conducted a premature execution of the judgment only three days after this court's orders denying new trial on August 18, 1997.

Had this case been brought in the appropriate Mississippi court, says defendant, the defendant, as a judgment debtor against whose property the judgment operated as a lien,[6] would have been entitled to an automatic stay of ten days after this court's disposition of the motion for new trial pursuant to Rule 62(a) of the Mississippi Rules of Civil Procedure. Rule 62(a) of the Mississippi Rules of Civil Procedure provides in pertinent part that "no execution shall be issued upon a judgment ...

until the expiration of ten days after its entry or the disposition of a motion for a new trial, whichever last occurs." (emphasis added). In the instant case, judgment was entered on May 27, 1997. However, the defendant timely moved on June 9, 1997, for a new trial, for remittitur, and for stay. The defendant's motions were denied on August 18, 1997. According to Rule 62(f) of the Federal Rules of Civil Procedure, argues defendant, the defendant was entitled to whatever stay would have been accorded under state law. Mississippi's Rule 62(a) provides that no execution could be issued on the plaintiffs' judgment until ten (10) days after this court had ruled on the defendant's motion for new trial. Thus, says defendant, it was entitled to rely on the provisions of the Mississippi rule.

While reserving its right to sue plaintiffs' attorney for defamation and abuse of process, the defendant asks this court to impose monetary sanctions equal to the attorney fees incurred by the defendant in the process of opposing the plaintiffs' execution of judgment; to award damages incurred by the defendant due to the actions of plaintiffs' attorney; and to require plaintiffs' attorney Paul S. Minor to cause to be published in the Clarion Ledger, a newspaper of general circulation, a printed apology to this court, and to the employees and customers of K–Mart for the actions taken on August 21, 1997. The defendant asks that Paul S. Minor be required to

---

**6.** This court notes that Mississippi Code Annotated Section 11–7–191 provides in pertinent part that "[a] judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns, against the judgment debtor and all persons claiming the property under him after the rendition of the judgment." *See Motors Securities Company v.*

*B.M. Stevens Company,* 225 Miss. 361, 83 So.2d 177, 179 (1955) (quoting Section 1555, Code of 1942, which provides that, "[a] judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled ...". Thus, this court agrees with the defendant's contention that the requirement under Rule 62(f) of the Federal Rules of Civil Procedure that a judgment be a lien upon the property of the judgment debtor is satisfied.

distribute this apology to other news media with the same vigor as was exercised on August 21, 1997. The defendant wants said apology to state that Paul S. Minor appeared at K–Mart to execute judgment with the assistance of United States Marshals, but without proper legal basis for doing so. Defendant also asks that the publication of the apology in the Clarion Ledger occupy at least the same amount of space as did the news reports generated by Minor's actions. Finally, the defendant asks this court to assess monetary damages, if any, incurred by the Clerk of this court and the United States Marshals as the result of Paul S. Minor's use and/or abuse of their services.

### Plaintiffs' Response

The plaintiffs' attorney responds that the 10–day stay under Rule 62(a) of the Federal Rules of Civil Procedure had expired in the instant case because the defendant never specifically moved for a stay pursuant to Rule 62(f). Thus, says plaintiffs' attorney, the defendant no longer was entitled to a stay of execution after August 18, 1997. The plaintiffs' attorney relies on the case of *Van Huss v. Landsberg,* 262 F.Supp. 867, 869 (W.D.Mo.1967), and other cases, for the proposition that the defendant should have filed a motion for a stay under Rule 62(f) after judgment was entered in order to have benefit of that form of stay of execution. Failure to have done so prior to this court's August 18, 1997, denial of the defendant's motion for new trial, says plaintiffs' attorney, now precludes defendant's reliance upon Rule 62(f).

### Analysis

This court has reviewed closely the *Van Huss* decision and is unpersuaded that this case stands for the proposition that one must file a motion for stay under Rule 62(f) prior to being entitled to the benefit of the stay under state law. In *Van Huss*

v. *Landsberg,* Judge Collinson there stated that he "believes that the defendant should have filed with the court, with notice to the plaintiff, a request for a stay under the provisions of Rule 62(f) if he sought that rule's protection.... But, without determining the question of the necessity of such a motion, this Court will rule on the merits of this motion to quash (garnishment)." Thus, when Judge Collinson expressed his personal belief that a motion should be made before one may seek a stay under Rule 62(f), he was not stating as a matter of law what Rule 62(f) requires.

Significantly, counsel for plaintiffs' attorney agrees that in a Mississippi court a party would be entitled to an automatic stay of execution for a period of ten days either after entry of the judgment or after a motion for new trial has been disposed of pursuant to Rule 62(a) of the Mississippi Rules of Civil Procedure. Plaintiffs' attorney has not explained to this court's satisfaction why the defendant in the instant case would not also be entitled to what Rule 62(a) of the Mississippi Rules of Civil Procedure provides without having to file a separate motion for such relief.

Still, in support of his argument, plaintiffs' attorney cites the case of *Moses v. K–Mart Corporation,* 922 F.Supp. 600 (S.D.Fla.1996), where the district court approved of an execution of judgment very similar to the one attempted by plaintiffs' attorney in the instant case. However, *Moses v. K–Mart Corporation* relied solely upon Rule 62(a) of the Federal Rules of Civil Procedure which does not contain the same language as Rule 62(a) of the Mississippi Rules of Civil Procedure—that execution of a judgment is automatically stayed until the expiration of ten days after its entry or the disposition of a motion for a new trial, whichever last occurs. Moreover, under Rule 9.310 of the Florida

Rules of Appellate Procedure pertaining to stays pending review, "a party seeking to stay a final or non-final order pending review **shall** *file a motion in the lower tribunal,* which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both." The commentary following Rule 9.310 explains this language, stating that, "there are no automatic stays of mandate under these rules, except for the state or a public body under subdivision (b)(2) of this rule, or if a stay as of right is guaranteed by statute." Thus, the district court for the Southern District of Florida had before it a procedural scheme with regard to stays of execution of judgment under Florida law which is quite different from that provided by Rule 62(a) of the Mississippi Rules of Civil Procedure. Consequently, this court finds *Moses v. KMart Corporation* unpersuasive.

Plaintiffs' attorney also relies on *White v. Phillips,* 88 F.R.D. 263 (N.D.Ga.1980), where the plaintiff sought to require the defendant to post bond pending appeal pursuant to Georgia law which did not require a bond pending appeal unless the plaintiff specifically requested that the bond be imposed. The plaintiff in *White v. Phillips* relied on Rule 69(a) of the Federal Rules of Civil Procedure which states in pertinent part that, "proceedings in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held. . . ." Thus, argued the plaintiff, a bond motion by the plaintiff should be granted because Georgia law permitted such motions. The district judge disagreed, noting that there was no provision in the Federal Rules of Civil Procedure or the Federal Rules of Appellate Procedure at that time which spoke to the question of when a supersedeas bond might be required except the provisions which related to stays of execution.

Turning to Rule 62(f) of the Federal Rules of Civil Procedure, the district court opined that this rule did not automatically stay the execution of judgment in absence of a request for stay, even where under state law a stay would be automatic, especially where the defendant had made no motion whatsoever for a stay. Thus, concluded the district court, it would violate the Federal Rules of Civil Procedure to require the defendant to post bond when he had not even sought a stay of the judgment. The motion to require the defendant to post bond was denied.

*White v. Phillips* stands on different factual underpinning from the instant case. The defendant in that case sought no stay of execution whatsoever. Meanwhile, it was the plaintiff, rather than the defendant, who sought to have benefit of a state statute. Given the circumstances, the Georgia district court held that Rule 62(f) was not designed to provide the plaintiff the right to have a bond posted. In dicta, the district court stated that the defendant could have benefit of Rule 62(f) upon request, but that the defendant had not done so. Thus, the Georgia district court had no basis upon which to grant the plaintiff's motion for a bond pending appeal. This court finds *White v. Phillips* to have no application in the instant case.

Plaintiffs' attorney also cites 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2907 (2nd ed.1995) for the contention that the defendant in the instant case must file a motion with this court in order to have benefit of a stay according to state law. This court has reviewed closely the section of this most learned treatise cited by plaintiffs' attorney and finds that the treatise merely recites the language uttered by Judge Collinson in the *Van Huss* case—that the defendant should have filed with the court, with notice to the plaintiff, the request for a stay. As this court previ-

ously noted, Judge Collinson did not state that a request or motion was required as a matter of law, and the treatise does not say that such motion shall or must be filed.

■■■ In interpreting a statute, the court should begin with its plain language. *See Phillips v. Marine Concrete Structures, Inc.*, 895 F.2d 1033, 1035 (5th Cir. 1990). Rule 62(f) by its language does not require that a motion be filed for the relief it provides. The Rule says that a judgment debtor is *entitled*, in the district court held therein, to such stay as would be accorded him had the action been maintained in the courts of that state. This court ascertains no ambiguity on this point. A statute is "ambiguous" only if it is susceptible to more than one meaning. *United Services Automobile Association v. Perry*, 102 F.3d 144, 146 (5th Cir.1996), citing *MCI Telecommunications Corp. v. American Tel. & Tel. Co.*, 512 U.S. 218, 227–28, 114 S.Ct. 2223, 2230, 129 L.Ed.2d 182 (1994); *National R.R. Passenger Corp. v. Boston & Maine Corp.*, 503 U.S. 407, 418–19, 112 S.Ct. 1394, 1402–03, 118 L.Ed.2d 52 (1992); and Norman J. Singer, 2A Sutherland Statutory Construction § 45.02 (5th ed.1992). In this court's view, had Congress intended that a party file a motion in order to establish the foundation for the judgment debtor's entitlement to a stay under Rule 62(f), then it would have provided expressly for this requirement.

■■■ In reaching a determination whether Congress has spoken directly on an issue, courts are free to consider both the plain language and meaning of the statute in question and any pertinent legislative history. *Doyle v. Shalala*, 62 F.3d 740, 745 (5th Cir.1995). This court had searched diligently for the legislative histo-

ry of Rule 62(f) of the Federal Rules of Civil Procedure in order to determine whether Congress contemplated requiring a party seeking benefit of a stay pursuant to state law always to file a motion for such relief. This court found that Rule 62(f) derives from Revised Statute § 988[7] which was incorporated into the United States Code before the turn of this century. *See* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2907, p. 527 n. 1 (2nd ed.1995). However, the Congressional Record on the day this statute was passed provides no account of any debate or other discussion.

Therefore, left with the unambiguous assertions of the involved rules, this court concludes that a motion is not a predicate to a judgment debtor's entitlement to a stay pursuant to Rule 62(a) of the Mississippi Rules of Civil Procedure. Rule 62(f) of the Federal Rules of Civil Procedure provides that a judgment debtor is entitled to a stay accorded him by state law. Rule 62(a) provides that no execution shall be issued upon a judgment until the expiration of ten days after its entry or the disposition of a motion for a new trial. No motion is required of a judgment debtor in order to have benefit of this relief under state law.

The Fifth Circuit has stated that the purpose of Rule 62(f) is to allow an appealing judgment debtor to receive in the federal forum what he otherwise would receive in the state forum. *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993). This purpose, says the Fifth Circuit, is qualified only by the requirement that the state forum treat judgments as liens or encumbrances on the property of judgment debtors. This qualification

---

7. Rev. St. Sec. 988 (U.S.Comp.St.1901, p. 708), taken from Act Cong. May 19, 1828, c. 68, Sec. 2, 4 Stat. 281, provides that in any state where judgments are liens upon the property of defendants, and where, by the laws of such state, defendants are entitled to a stay of execution for one term or more, defendants in federal actions shall be entitled to a stay for one term. *See Petrified Bone Mining Co. v. Rogers* 159 F. 1019 (E.D.Pa.1908).

clearly is met in the instant case under the provisions of Mississippi Code Annotated Section 11–7–191. Accordingly, this court finds that the defendant had ten days from this court's August 18, 1997, ruling before execution of judgment could proceed.[8]

### Rule 11 Application

■ Paul S. Minor presented to this court a letter requesting a writ of execution of judgment (a pleading, written motion, or other paper) certifying that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the request for a writ of execution was proper; and that the letter requesting the writ of execution was not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. In light of the foregoing, contrary to Minor's argument in opposition, this court is persuaded that Paul S. Minor failed to make a reasonable inquiry into the law governing execution of judgments in the instant case. *See Lulirama Ltd., Inc. v. Axcess Broadcast Services, Inc.*, 128 F.3d 872, 884 (5th Cir.

1997), (holding that whether by signing, filing, submitting, or later advocating a pleading, written motion, or other paper, an attorney ⋅ ... is certifying that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the pleading or other paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and/or that the claims, defenses, and other legal contentions in the pleading or paper are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law); *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 873–74 (5th Cir.1988) (recognizing that the failure to make reasonable inquiry is sanctionable).

■ Finally, the plaintiffs' attorney claims that the defendant has failed to follow the "safe harbor" provision of Rule 11 by serving the motion for sanctions on the plaintiffs' attorney 21 days prior to filing it as required by Rule 11, as amended.[9] This court finds that Rule 11's "safe

---

**8.** Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides in relevant part that if a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. *See Huff v. International Longshoremen's Association*, 799 F.2d 1087, 1089 (5th Cir.1986). Thus, the thirty-day period for filing a notice of appeal also was suspended in the instant case while the defendant's motion for new trial under Rule 59 was pending.

**9.** Rule 11 was amended effective December 1, 1993. *Elliott v. Tilton*, 64 F.3d 213, 215 (5th Cir.1995). The amended Rule 11(c)(1)(A) now provides in pertinent part as follows:
(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been

violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
(1) How Initiated.
(A) By Motion. *A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a*

"harbor" provision does not apply in the instant case. As the plaintiffs' attorney has noted, there is no notice required when a judgment is executed. Once the plaintiffs' attorney proceeded with the premature execution of judgment in this case, the deed was done. The defendant had no opportunity to comply with the safe harbor provision of Rule 11.

Additionally, the defendant has submitted to this court several of the articles and news reports which were generated in the local press by the improper execution of judgment in the instant case. It is clear from these unchallenged submissions that the plaintiffs' attorney was seeking to embarrass the defendant and call attention to himself as a tireless laborer of the bar attempting to obtain justice for his client when, in fact, there was no basis whatsoever in fact or in law for the actions taken on August 21, 1997. Thus, this court is persuaded that the imposition of appropriate sanctions in this case is justified and proper.

### Sanctions

Rule 11(c)(2) provides that a sanction imposed for violation of Rule 11 shall be limited to what is sufficient to deter repetition of such conduct by others similarly situated and may include reasonable attorney fees and other expenses incurred as the result of the violation. *Olcott v. Delaware Flood Company*, 76 F.3d 1538, 1554 (10th Cir.1996); *Crank v. Crank*, 1998 WL 713273 (N.D.Tex.), decided October 8, 1998 (noting that the standard established by Rule 11(c)(2) is similar to the standard

established in *Thomas v. Capital Security Services, Inc.* that any penalty imposed must be the least severe sanction adequate to serve the purpose).

■ This court hereby directs the plaintiffs' attorney Paul S. Minor to pay the defendant's attorney fees incurred in presenting its opposition to the premature execution of judgment in the amount of $7,685.00. This court has reviewed these attorney fees and finds them reasonable. Said payment shall be made within ten (10) days of the date of this order. The defendant asks additionally for a published apology from the plaintiffs' attorney; however, the defendant agrees that this court's published opinion adequately would satisfy this request. The defendant claims to have suffered damages as the result of the opposing attorney's conduct, but the defendant has reserved the right to sue the plaintiffs' attorney for defamation and abuse of process. Therefore, this court will not award tort-related damages attributable to the actions of plaintiffs' counsel since such damages would be a matter to be resolved in other litigation not directly related to this motion for sanctions. Finally, the defendant asks this court to award itself through the Clerk of the Court any damages this court has incurred with regard to the premature execution of judgment and to award the United States Marshal's Service any fees and expenses that it has incurred. This court hereby declines to impose any damages for payment to the Clerk of the Court. This court finds, however, that the plaintiffs'

law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

The amendment is intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowl-

edge candidly that it does not currently have evidence to support a specified allegation. *Elliott*, 64 F.3d, at 216. Thus, under Rule 11 as it is now revised, the timely withdrawal of a contention will protect a party against a motion for sanctions. *See Proposed Amendments to Federal Rules of Civil Procedure*, advisory committee's notes, reprinted in, 146 F.R.D. 401, 591 (1993).

attorney still owes the United States Marshal's Service an amount of just over three dollars for their assistance with serving and executing the improper lien. Plaintiffs' attorney is hereby directed to satisfy that account within ten (10) days of the date of this order.